The offense is burglary of a motor vehicle; the punishment, three years.

No statement of facts accompanies the record.

We do find, however, a motion to quash the indictment.

This is a prosecution under Article 1404b, Vernon's Ann.Penal Code, enacted by the last Legislature.

The indictment, omitting formal parts, charges: "* * * did then and there unlawfully by force, threats and fraud, break and enter a motor vehicle to-wit: an automobile, there situate and occupied and controlled by William H. Porter, and with the intent then and there fraudulently to take from the said automobile corporeal personal property therein being and belonging to the said William H. Porter from the possession of the said William H. Porter, without his consent and with the intent to deprive the said William H. Porter, the owner of said corporeal personal property, of the value thereof, and to appropriate the same to the use and benefit of him, the said Frank Trim."

We find the indictment proper under the statute.

The judgment of the trial court is affirmed.

## CRAIN v. STATE.

### No. 26137.

Court of Criminal Appeals of Texas.

Jan. 7, 1953.

Reid & Reid and J. W. Reid, Abilene, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

The conviction is for possession of whisky in Taylor County, a dry area, for the

purpose of sale; the punishment 90 days in jail and a fine of $500.

The state confesses that the evidence is insufficient to sustain the conviction because of the failure to prove that Taylor County was a dry area.

The judgment is reversed and the cause remanded.